1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GONZALO R. RUBANG, JR.,                    No.  2:18-cv-02349 TLN AC PS

12                Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   US BANK TRUST, N.A., et al.,

15                Defendants.

16

17          Plaintiff has paid the filing fee in this case and is proceeding in pro se.  The action was

18   accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local

19   Rule") 302(c)(21).  Pending is a motion to dismiss from defendant U.S. Bank Trust, N.A.  ECF

20   No. 14.  Plaintiff opposes the motion.  ECF No. 19.  The matter was taken under submission, and

21   upon review of all pleadings, the undersigned recommends that defendant's motion be

22   GRANTED and that this case be dismissed with prejudice for lack of jurisdiction.

23                          I.        Background

24          Plaintiff filed his complaint on August 29, 2018.  ECF No. 1.  Plaintiff alleges he is a

25   citizen of California.  Id. at 3.  Plaintiff lists two defendants: U.S. Bank Trust, a citizen of

26   Minnesota; and (2) Randall Naiman, a citizen of California.  Id. at 2.  Plaintiff lists the basis for

27   federal jurisdiction as diversity of citizenship pursuant to 28 U.S.C. § 1332, as well as federal

28   question under 28 U.S.C. § 1331.  Id. at 3.  Plaintiff states the basis for federal question

                                            1

jurisdiction is "the right to be heard freedom of speech, that the state court never grant me, always stopped me when I made my attempt to discuss the violations of the defendants." Id. at 4. Plaintiff alleges he is a victim of fraud by Carrington Investment and business partner Barbra Jean Morgan in connection with a "fraud bankruptcy" filed in April of 2015 in relation to a property in Fairfield, California. Id. at 5. Plaintiff alleges an illegal exchange occurred between Caliber Home Loans and U.S. Bank Trust, N.A. Plaintiff attempted to bring his legal claims in state court before Solano Superior Court Judge Wendy Getty. Id. He alleges that Judge Getty declared him a vexatious litigant and "adopted the Res Judicata" ruling from a previous court case plaintiff had filed. Id. Plaintiff alleges that because of defendants' fraud, he is owed $100,000,000 in damages. Id. at 6.

## II. Motion to Dismiss

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of federal jurisdiction, or alternatively pursuant to Fed. R. Civ. P. 12(b)(6), (e), or (f.). ECF No. 15 at 4-6. Because there is no federal jurisdiction based on the facts alleged in plaintiff's complaint and because jurisdiction is a threshold matter, only Fed. R. Civ. P. 12(b)(1) is addressed.

### A. Standards under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

B.      This Case Cannot Proceed Because There is no Federal Jurisdiction

Plaintiff's complaint cannot survive because there is no basis for federal subject matter jurisdiction where there are no federal claims and the parties are not diverse.  Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Here, plaintiff's complaint alleges that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. ECF No. 1 at 4.  That statute provides that district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of

different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state...as plaintiff and citizens of a State or of different States." "Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Plaintiff's complaint makes it clear that there is no basis for diversity jurisdiction here. The complaint specifically alleges that plaintiff is a citizen of California, and defendant Neiman is a citizen of California. ECF No. 1 at 2. Based on the facts alleged in plaintiff's complaint, plaintiff and at least one defendant are citizens of the same state; there is thus no diversity jurisdiction.

This defect could not be cured by the voluntary dismissal of Neiman, because there is also no basis for federal question jurisdiction. See 28 U.S.C. § 1331. Plaintiff's complaint does not implicate any constitutional right or federal law with respect to any defendant. ECF No. 1. Plaintiff vaguely references "the right to be heard freedom of speech" that was allegedly denied by the state court when he was declared a vexatious litigant and Judge Getty failed to consider his evidence. ECF No. 1 at 4, 5. To the extent these allegations can be interpreted as a putative First Amendment claim, it is entirely unrelated to the actions of the named defendants in this case. Id. Moreover, Judge Getty could not be added as a defendant, because she is immune from suit. See Stump v. Sparkman, 435 U.S. 349 (1978) (judges absolutely immune for judicial acts, both under common law and under 42 U.S.C. § 1983). The only legal claim that plaintiff asserts on the basis of defendants' conduct is fraud, id. at 6, which is not a federal cause of action and cannot support federal jurisdiction.

Plaintiff's opposition to defendant's motion does not address jurisdiction at all. ECF No. 19. The claims presented in the complaint, and the facts on which they are based, make it clear that there is no basis for federal jurisdiction over this dispute. Accordingly, the court cannot hear this case and must grant defendant's motion to dismiss the case with prejudice.

////

////

### III. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 14) be GRANTED and this case be DISMISSED with prejudice for lack of federal subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 3, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE